## George A. Keiser v. D. I. Jarrett, administrator.
### Gen. No. 11,570.

1. CONSIDERATION—*what essential to establish illegality of.* Where the defendant gave to the plaintiff a written obligation to pay in consideration of merchandise theretofore delivered, the collection of such obligation cannot be defeated unless it be shown that one or more of the sales of such merchandise which entered into and formed a part of the consideration for the promise were illegal, and proof of illegal sales previously made will not avail.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed April 5, 1905.

**Statement by the Court.** P. F. Kaehler between February 1 and August 1, 1902, sold and delivered coal to George A. Keiser. On that day the following instrument was executed by the seller and the purchaser:

"I, the undersigned, George Keiser, hereby acknowledge myself indebted to Peter F. Kaehler in the sum of $268.19 for merchandise heretofore sold and delivered by the said

Kaehler to me, which said sum of $268.19, with interest thereon from the date hereof at the rate of 7%, I agree to pay to Peter F. Kaehler in the following manner, to-wit: Fifty dollars ($50) November 8th, 1902, and ten dollars ($10) every week thereafter until the aforesaid sum with interest thereon is fully paid.

I further agree that in case I fail to make the payments in the manner and at the time as hereinbefore stated, that in that case the aforesaid sum of money, or balance due thereon, shall immediately become due and payable.

In witness whereof I hereunto set my hand and seal this 31st day of October, A. D. 1902.

GEO. A. KEISER. (SEAL.)

I, the undersigned, Peter F. Kaehler, hereby consent to the above and foregoing.

Witness my hand and seal this 31st day of October, 1902.

P. F. KAEHLER. (SEAL.)"

December 13, 1902, Kaehler died. His administrator brought an action before a justice of the peace on the instrument above set forth and the case was taken by appeal to the Circuit Court. At the trial of the cause in that court, the plaintiff put in evidence his letters of administration and the foregoing instrument and rested. The defendant called as a witness one Whitehead, who testified that he worked for Kaehler in 1901, that he left his service "a little late in 1901" and that while in such service he delivered to defendant for Kaehler, on several occasions 7,500 pounds of coal for 8,000 pounds. The defendant also put in evidence a bill for coal delivered to him by Kaehler in October and another for coal delivered in November, 1901, both receipted by Kaehler, and an ordinance of the city of Chicago by which it was made an offense for a person engaged in the business of selling coal to deliver to the purchaser less than two thousand pounds of coal for each ton of coal purchased. The judgment was for the plaintiff and the defendant appealed.

C. E. CLEVELAND, for appellant.

D. E. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

There is in the record not only no evidence tending to show that there was any overcharge or short weight as to any of the coal remaining unpaid for August 2, 1902, when the instrument sued on was executed, but the receipted bills put in evidence by the defendant and the bill produced by the defendant at the time the instrument of August 2, 1902, was executed which was put in evidence by the plaintiff in rebuttal, clearly show that the coal which remained unpaid for August 2, 1902, was delivered during and after February of that year, long after the witness Whitehead left the service of Kaehler. It was that coal that formed the consideration for the promise of the defendant to pay plaintiff's intestate $268.19, contained in the instrument sued on. The coal delivered in 1901 had been paid for and could therefore form no part of the consideration for that promise. As has been said, there is no evidence that Kaehler delivered after 1901 less than two thousand pounds of coal for any ton of coal purchased of him by the defendant.

The case of Douthart v. Congdon, 197 Ill. 349, and other cases which hold that where one entire promise is made on one entire consideration and part of that consideration is illegal, no recovery can be had on the promise, have no application to the facts of this case. The sales of coal were separate and independent transactions. To constitute a defense to the promise contained in the instrument sued on, it must be shown that one or more of the sales of the coal which entered into and formed a part of the consideration for that promise were illegal. Proof that certain sales made in 1901 were illegal would not invalidate legal sales made in 1902. Robinson v. Greene, 3 Met. 159; Frohlich v. Alexander, 36 Ill. App. 428.

The judgment upon the evidence is clearly proper and

we do not deem it necessary to consider the errors in procedure assigned.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*